# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:05-cr-00252-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>GREGORY HITCH, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss Indictment Due to Violation of Defendant's Right to a Speedy Trial [Doc. 11]. The Government does not oppose the Defendant's Motion. [Doc. 19].

The Defendant was charged in a Bill of Indictment on October 4, 2005, with fleeing and attempting to elude a law enforcement officer. [Doc. 1]. The Court issued a warrant for his arrest on October 11, 2005. [Doc. 2]. The Defendant, however, was not arrested until March 2020. He now seeks dismissal of the Indictment on the grounds that his Sixth Amendment right to a speedy trial has been violated. [Doc. 11].

The Sixth Amendment guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. CONST. amend. VI. The determination of whether a defendant has been denied a speedy trial in violation of the Sixth Amendment is made on a case-by-case basis and requires a balancing of the following factors: (1) the length of delay; (2) the reasons for the delay; (3) the timeliness and vigor of the defendant's assertion of the speedy trial right; and (4) the degree of prejudice which the defendant suffers. Barker v. Wingo, 407 U.S. 514, 530 (1972).

The first Barker factor, the length of delay, "serves as a 'triggering mechanism' that places a speedy trial violation on the table and requires [the Court] to balance the other factors." United States v. Black, 918 F.3d 243, 254 (2d Cir. 2019) (citing Barker, 407 U.S. at 530). While the determination of whether a delay is presumptively prejudicial depends on the particular circumstances of the case, the Supreme Court has recognized that a post-accusation delay approaching one year may be considered presumptively prejudicial. See Doggett v. United States, 505 U.S. 647, 652 n.1 (1992).

Here, the Government concedes that the pretrial delay was uncommonly long and that the Government was primarily to blame for that delay. The first three prongs of the Barker test, therefore, weigh heavily in favor of the Defendant. Regarding the fourth prong, the Defendant relies

upon the presumption created by the unusually long delay. The Government admits that it cannot rebut this presumption and therefore concedes that the Defendant is entitled to the relief he seeks.

When the <u>Barker</u> factors are considered as a whole, the Court concludes that the Defendant has shown a violation of his speedy trial right under the Sixth Amendment. Accordingly, the Defendant's motion to dismiss the Indictment is granted.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Dismiss Indictment [Doc. 11] is **GRANTED**, and the Bill of Indictment filed in this case is hereby **DISMISSED WITH PREJUDICE**.

The Clerk of Court is respectfully directed to provide a copy of this Order to counsel for the Defendant, counsel for the Government, the United States Marshals Service, and the United States Probation Office.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge